IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICIA K. BURNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00612-CV-W-JTM |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On October 26, 2009, plaintiff Patricia K. Burns ("Burns") filed an application seeking disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. After the application was denied at the state agency level, Burns sought further administrative review. To that end, on June 10, 2010, an administrative law judge[1] ("the ALJ") conducted a hearing regarding Burns' disability claim. Thereafter, the ALJ issued a written decision finding that Burns was not "disabled" under Title II of the Social Security Act. Subsequently, the Appeals Council for the Social Security Administration denied Burns' request for further administrative review rendering the ALJ's decision the "final decision" of defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner").

Inasmuch as Burns has exhausted her administrative remedies, the final decision of the Commissioner is subject to limited judicial review by this Court. 42 U.S.C. § 405(g). Specifically, this Court reviews the Commissioner's decision only insofar as to determine whether the decision is supported by substantial evidence on the record as a whole. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but

---

[1] The Honorable George M. Bock.

enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). Thus, evidence that both supports and detracts from the Commissioner's decision will be considered by the Court, but the Commissioner's decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Finch*, 547 F.3d at 935. Instead, the Court will disturb the Commissioner's decision only if it falls outside the available "zone of choice" and a decision is not outside that zone of choice simply because the Court may have reached a different conclusion had the Court been the fact finder in the first instance. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). *See also McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, a reviewing court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome"). The Eighth Circuit has repeatedly held that courts should "defer heavily to the findings and conclusions" of the Social Security Administration. *See*, *e.g.*, *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). With those guidelines in mind, the Court affirms the Commissioner's decision.

In his written decision, the ALJ concluded that Burns had severe impairments of fibromyalgia and mild degenerative joint disease of the lumbar spine. However, the ALJ further found that Burns – notwithstanding her impairments – retained the functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that Burns could not crawl or climb ladders, ropes, or scaffolds. Based on this residual functional capacity, the ALJ determined that Burns was capable of performing her prior relevant work as a mortgage clerk. In the alternative, the ALJ – based on the testimony of a vocational expert – found that Burns was

capable of performing other work existing in sufficient numbers in the national economy, including jobs such as order clerk, document preparer, lens inserter, and appointment clerk.

Burns argues that substantial evidence does not support the Commissioner's final decision in that: (1) the ALJ did not consider the problems that Burns experiences in her hands and wrists; (2) the Appeals Cuncil failed to account for a June 2012 lumbar MRI, (3) the ALJ failed to present the vocational expert with a proper hypothetical question, and (4) the ALJ failed to properly weigh the testimony of Burns and her daughter regarding Burns' complaints of pain.

With regard to Burns' allegation of problems with her hands and wrists, the ALJ specifically noted that Burns complained of rheumatoid arthritis, but added that the record presented by Burns did not establish the condition as a medically determinable impairment. Ultimately, it was Burns' burden to establish disability and the record does not establish rheumatoid arthritis as an impairment. In February of 2010, Burns was referred to Mid-America Rheumatology Consultants. After examination and testing, Perri A. Ginder, M.D., diagnosed Burns with fibromyalgia, not rheumatoid arthritis. The ALJ included fibromyalgia as a severe impairment and accounted for the impairment in limiting Burns to sedentary work with additional limitations. Moreover, even if the ALJ should have added rheumatoid arthritis as a severe impairment, Burns has failed to establish any reversible error in that there is no showing that the limitations on Burn's functioning would be greater than those imposed by the ALJ based on the diagnosed fibromyalgia.

According to Burns, the Commissioner's final decision is defective because it does not consider "the findings of a lumbar MRI performed on [Burns'] spine [in] June 2012 that showed she had bulging discs at levels L2-L3, L3, L4, L4-L5 and a tiny central protrusion with superimposed annular tear [at] L4-S1." The ALJ's decision was issued on November 30, 2011.

3

Thereafter Burns sought review with the Appeal Council and, to that end, requested the Appeals Council to extend her time to submit additional medical evidence.  On February 15, 2013, the Appeals Council informed Burns and her attorney that the extension of time would be granted for 25 days during which Burns could submit "more evidence."  Burns submitted no new evidence and, on April 16, 2013, the Appeals Council declined to review the ALJ's decision.  Consequently, the June 2012 MRI was not presented to the Social Security Administration and is not found in the record to be reviewed by the Court.  An administrative agency should not be charged with an error for failing to consider evidence that was never presented to the agency.

With regard to the hypothetical questions presented to the vocational expert, the Court finds that the ALJ limited the question to a person of Burns' age, education and work background and included those limitations found credible by the ALJ.  Substantial evidence in the record supports those limitations and, as such, the hypothetical questions posed by the ALJ proper.  As a consequence, the answers of the vocational expert constitute substantial evidence that Burns is not disabled under Title II of the Social Security Act.

Finally, with regard to the ALJ's credibility analysis, the Court finds that it comports with requirements of Social Security regulations and Eighth Circuit precedent.  The ALJ acknowledged the testimony of Burns and her daughter but concluded that it was not fully credible based on the objective medical evidence, Burns' limited treatment, and Burns' exaggeration of her impairments in comparison with her admitted daily activities.

Based on the foregoing, the decision of the Commissioner is **AFFIRMED**.

      */s/ John T. Maughmer*
      **John T. Maughmer**
      **United States Magistrate Judge**